**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOHN DERWIN MINOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0265-CVE-PJC |
| ) | |
| **DR. SEALS,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court for consideration is plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff was formerly an inmate at David L. Moss Detention Center ("David L. Moss") but was released on May 12, 2006. Proceeding pro se, plaintiff filed his complaint on May 18, 2006, alleging that the supervising physician at David L. Moss, Dr. Seals, ignored his requests for medical treatment.[1] The Court finds that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) should be granted. The Court has reviewed plaintiff's motion and finds that he lacks sufficient funds to prepay in full the filing required to commence a civil case. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

---

[1] Plaintiff does not provide any other identifying information about the defendant, such as the doctor's full name. Plaintiff merely states that he is bringing his claims for failure to provide medical treatment against the supervising physician at the David L. Moss.

**I.**

Plaintiff was incarcerated at David L. Moss from at least April 28, 2006 to May 12, 2006.[2] Upon his release from jail, plaintiff filed a complaint alleging that he was denied medical attention for a serious medical condition. Plaintiff claims that he was suffering from a hernia, which left untreated, posed a "life-threatening" risk to his health. Plaintiff claims he was taken to a hospital for emergency treatment and physicians at the hospital prescribed medication for his hernia; however, the medical staff at David L. Moss allegedly failed to fill plaintiff's prescription or to treat his hernia. He claims that made repeated requests for medical care and filled out "sick calls" with the help of prison staff. He filed two inmate grievances against the medical staff and Dr. Seals, but was denied relief.[3] In his grievances, he specifically alleged that the medical staff was negligent for failing to treat plaintiff's hernia. Plaintiff was released from prison on May 12, 2006.

Plaintiff brings a claim under 42 U.S.C. § 1983, asserting that the supervising physician at David L. Moss was negligent for failing to provide medical treatment for a serious medical condition. He alleges that Dr. Seals' negligence caused him "pain and suffering and mental anguish." For a remedy, he seeks monetary damages and injunctive relief in the form of medical treatment from the medical staff at David L. Moss.

---

[2] The complaint is unclear as to the dates plaintiff was actually incarcerated. He was sentenced on April 28, 2006 and released on May 12, 2006, but he may have been detained pending sentencing.

[3] Plaintiff states that he exhausted his administrative remedies by filling out "sick form slips" and directly communicating to the medical staff about his condition. He has attached copies of the inmate grievance forms to his complaint as evidence that he exhausted his administrative remedies.

## II.

Plaintiff has been granted leave to proceed in forma pauperis in this action. Pursuant to the Prisoner Litigation Reform Act ("PLRA"), a district court may dismiss an action filed in forma pauperis "at any time" if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). "The term 'frivolous' refers to the 'inarguable legal conclusion' and 'the fanciful factual allegation.'" Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989)). Inarguable legal conclusions include those against defendants undeniably immune from suit or those alleging infringement of a legal interest which clearly does not exist. Id.

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996); Hall, 935 F.2d at 1110.

## III.

As an initial matter, the Court finds that plaintiff is not entitled to monetary damages for pain and suffering, nor can he seek medical treatment from David L. Moss as a remedy for any alleged constitutional violations. Plaintiff was released from prison on May 12, 2006 and is no longer an inmate at David L. Moss. As a result, his request for injunctive relief in the form of medical

treatment from David L. Moss is moot.  See Murphy v. Hunt, 455 U.S. 487, 481 (1982); Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Martinez v. Chavez, 574 F.2d 1043, 1044 (10th Cir. 1978).

The Court finds that plaintiff's request for compensatory damages for pain and suffering is precluded by 42 U.S.C. § 1997e, as he makes no allegation that he suffered a physical injury while he was incarcerated.  Section 1997e(e) states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff alleges only that the medical staff at David L. Moss failed to treat him for a hernia, but he makes no showing of a prior physical injury.  The Tenth Circuit Court of Appeals has held that a litigant must present specific evidence that any failure to provide medical treatment caused the prisoner a tangible physical injury. See Mata v. Saiz, 427 F.3d 745, 755 (10th Cir. 2005) (plaintiff met the physical injury requirement by showing that delay in medical treatment caused unnecessary pain and led to plaintiff suffering a heart attack); Searles v. Van Bebber, 251 F.3d 869, 875-77 (10th Cir. 2001) (requirement to prove prior physical injury before award of monetary damages applies no matter what type of constitutional violation prisoner alleges in complaint); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) (Tenth Circuit assumed without deciding that physical pain may constitute "mental or emotional injury" under 1997e but defendant must still make a showing of a specific physical injury).

Plaintiff must allege that he suffered a physical injury while in custody before he can proceed with a claim for monetary damages under section 1997e(e).  McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001).  Plaintiff's allegations that he endured physical pain do not meet the requirement of section 1997e(e) unless that pain was accompanied by a physical injury.  Plaintiff claims that he

began feeling pain from a hernia on April 17, 2006, which predates his guilty plea and sentencing.[4] Even with a liberal reading of plaintiff's complaint, there is no indication that prison officials caused a physical injury to plaintiff while he was in custody. Even if the Court assumes that physical pain could constitute a mental or emotional injury, plaintiff has not pled that he suffered a physical injury due to the lack of medical treatment while incarcerated.

### IV.

Plaintiff's complaint states that he is entitled to relief because Dr. Seals, the supervising physician at David L. Moss, negligently performed his duties by failing to treat plaintiff for a serious medical condition. Under section 1983, a claimant can not recover for allegedly inadequate medical care based on a claim that the prison medical staff was negligent. Although plaintiff does not state a specific constitutional basis for his claim, the Supreme Court has recognized that prison inmates have an Eighth Amendment right to receive necessary medical care; however, the prisoner must allege facts evidencing a deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Supreme Court has stated that:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Negligence alone does not state a claim under section 1983 for deliberate indifference to a prisoner's medical needs. Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To prevail on a claim under 42 U.S.C. § 1983, however, 'inadvertent failure to

---

[4] Plaintiff did not enter a plea of guilty until April 20, 2006 and presumably could have sought medical treatment before reporting to prison.

5

provide adequate medical care' is not enough, nor does "a complaint that a physician has been negligent in diagnosing or treating a medical condition . . . state a valid claim of medical mistreatment under the Eighth Amendment."). The Supreme Court has clarified its ruling in Estelle and has imposed two requirements for claims of medical indifference: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Plaintiff has not alleged that Dr. Seals exhibited deliberate indifference by failing to treat plaintiff for his hernia. Even assuming that plaintiff's allegations meet the objective requirement that his medical condition was sufficiently serious, he has not stated any facts that would allow the Court to infer that Dr. Seals exhibited deliberate indifference or intentionally ignored plaintiff's requests for medical treatment. See Martinez v. Garden, 430 U.S. 1302, 1305 (10th Cir. 2005). The complaint states that "Dr. Seals failed to perform his duties concerning [plaintiff's] life as an inmate at David L. Moss Detention Center." Complaint (Dkt. # 1), at 5. Plaintiff's inmate grievance forms show that he complained to prison officials about "medical neglect." Id. at 3. Delay in receiving medical treatment constitutes deliberate indifference only if the delay results in substantial harm to the prisoner. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). The complaint contains no such allegations. Construing the allegations in the complaint liberally, there is no basis for the Court to conclude that Dr. Seals could be held liable under a deliberate indifference standard.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Dkt. # 2) is **granted**, and plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim upon which relief can be granted.

**DATED** this 7th day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT